IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ETHAN JOHN FIELDS FERGUSON,** §<br>**ADMINISTRATOR** §<br>**Plaintiff,** §<br> §<br> §<br> §<br>**v.** §<br> §<br> §<br>**JOHN HANCOCK LIFE INSURANCE** §<br>**COMPANY** §<br> §<br> §<br>**Defendant.** § | **Civil Action No. H-07-3501** |

### MEMORANDUM AND ORDER

This case involves competing claims by a bankruptcy trustee, the administrator of a decedent's estate, and an insurance company. The threshold issue is whether the case should be litigated in this Court, in probate court, or in bankruptcy court.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     The Parties.

Plaintiff Ethan John Fields Ferguson ("Administrator") is the Administrator of the Estate of Raymond Lee Ferguson, Jr. ("Decedent") who died in May, 2006. In 2003, Decedent and companies he controlled had filed bankruptcy in this District. Janet Northrup, Chapter 7 Trustee of the Bankruptcy Estate of Ferguson Contractors, Ltd. and Raymond L. Ferguson ("Trustee"), has intervened in the proceeding.

In 1999, Decedent purchased a life insurance policy from John Hancock ("Hancock") in the amount of $500,000. Decedent designated the Ray Ferguson Family Trust as the beneficiary of the

policy. The designation was never changed.

**B.    The Non-Disclosure of the Policy's Existence**.

In a Chapter 7 Bankruptcy, a trustee is always appointed. 11 U.S.C. §§ 701-703. Among the duties of the Chapter 7 trustee is to "collect and reduce to money the property of the estate" and to "investigate the financial affairs of the debtor." 11 U.S.C. § 704(a)(1) and (3).

Among the duties of a debtor in bankruptcy is to provide "a schedule of assets and liabilities." 11 U.S.C. § 52 (a)(1)(B)(i). Despite the clear and critical obligation, Decedent failed to disclose to the Trustee the life insurance policy from Hancock. In a holding not directly related to the undisclosed insurance policy, the Bankruptcy Court did rule that the "Ray Ferguson Family Trust," was invalid and simply an alter ego of Decedent.

After Decedent's death, Hancock received a claim on the policy from "Pamela A. Ferguson, Trustee for the Raymond L. Ferguson Family Trust." Pamela A. Ferguson is the former wife of Decedent. They were divorced at the time of Decedent's death.

In August 2006, Hancock issued a check to Ms. Ferguson for the face amount of the policy minus certain amounts that represented loans taken against the policy to pay premiums.

Neither the Trustee nor the Administrator learned of the existence of the policy until after payment had been to Ms. Ferguson. The Administrator filed suit in state court against Ms. Ferguson to recover the amounts paid to her by Hancock. The Administrator also filed in state court this proceeding against Hancock. Hancock removed the case to this Court, alleging both diversity and federal question jurisdiction. 28 U.S.C. § 1441.

**C.    The Trustee's Contested Intervention.**

The Administrator has moved for reconsideration of this Court's Order allowing the Trustee

to intervene. The Administrator argues that insurance benefits are exempt from the claims of creditors, even in a bankruptcy. Tex. Ins. Code § 1108.51. Therefore, the Administrator contends, the Trustee has no interest in the proceeds and no right to intervene.

The Trustee does not deny that state law exempts life insurance proceeds when a claim of exemption is made pursuant to 11 U.S.C. § 522. The Trustee asserts, however, that no effort was made to claim such an exemption; rather, Decedent concealed the existence of the policy. On these facts, the Trustee is not ready to opine as to the status of the insurance proceeds as assets of the bankruptcy estate.

**D.   The Administrator's Motion to Remand.**

The Administrator also seeks to have this case remanded to the state court in which it was filed. The Administrator argues that this case is subject to the "probate exception" to federal jurisdiction, under which federal courts lack jurisdiction over proceedings that interfere with state probate proceedings. Hancock, in turn, argues that this Court has both diversity jurisdiction and federal question jurisdiction because of the bankruptcy issues that are presented.   Moreover, Hancock asserts, the "probate exception" was severely circumscribed by the Supreme Court's decision in *Marshall v. Marshall*, 547 U.S. 293 (2006).

The Trustee argues that this Court has jurisdiction but should refer the case to the Bankruptcy Court that presided over Decedent's bankruptcy proceedings.

**II.   ANALYSIS**

In *Marshall v. Marshall*, the Supreme Court discussed at length the "probate exception." The Court began by noting that the exception is compelled by neither the Constitution nor federal statute 547 U.S. at 299. It is entirely a judicial creation. The Court held that the exception reserves to states

-3-

the probate or annulment of a will, the administration of a decedent's estate, and the disposition of property that is in the custody of a probate court. This case, as presently configured, implicates none of these. Rather, it involves an insurance policy whose proceeds were paid to a non-decedent which payment is being contested by three different entities. It may well happen that this proceeding will, at a later date, need to be remanded to state court, but the Court believes jurisdiction is properly laid at present.

The Trustee, the Administrator, and Hancock shall have until January 31, 2008 to brief the issue of whether the proceeds of the Hancock policy properly belong to the Trustee, or are exempt. The Court elects not to refer the proceeding to Bankruptcy Court.

**IT IS SO ORDERED.**

SIGNED at Houston, Texas on this ___11th___ day of January 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

-4-